■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEEGRA BRADLEY, Appellant. [643 NYS2d 372] —Motion by the appellant for reargument of stated portions of an appeal from a judgment of the County Court, Orange County, rendered May 26, 1995, which was determined by decision and order of this Court dated February 26, 1996.

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, it is

Ordered that the motion is granted, the unpublished decision and order of this Court dated February 26, 1996, is recalled and vacated, and the following is substituted therefor:

Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 26, 1995, convicting her of robbery in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court, Orange County, to resettle the sentence minutes, and the appeal is held in abeyance in the interim. The County Court, Orange County, is to file the resettled sentence minutes with all convenient speed.

The transcript of the sentence minutes indicates that the defendant was sentenced to an indeterminate term of one-and-three-quarters to five years imprisonment for a class D felony, an illegal sentence because the minimum period fixed by the court exceeded one-third of the maximum term imposed (*see,* Penal Law § 70.00 [2] [d]; [3] [b]). Nevertheless, the order of sentence and commitment indicates that the sentence imposed was an indeterminate term of one-and-three-quarters to five-and-one-quarter years imprisonment, a sentence which is not illegal.

In light of this discrepancy, before we may consider the ap-

pellate issues raised concerning the propriety of the sentence imposed, the matter must be remitted to the County Court, Orange County, to resettle the sentence minutes to reflect the sentence actually imposed by that court (*see, People v Locke,* 154 AD2d 622). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.